# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

WACHOVIA SECURITIES, INC.

        Plaintiff,

v.                                                       Civ. No. 03-705  JP/LFG

JOHN DUFF,

        Defendant.

### MEMORANDUM OPINION AND ORDER

On July 25, 2003 Plaintiff Wachovia Services, Inc., filed a Motion for Sanctions and Brief In Support (Doc. No. 10), arguing that Plaintiff is entitled to attorney fees and costs under Fed. R. Civ. P. 11 and 28 U.S.C. § 1447(c).  Having considered the parties' arguments and the relevant law, the Court concludes that Plaintiff's Motion for Sanctions and Brief In Support should be granted.

*BACKGROUND*

On June 10, 2003 Plaintiff filed a Complaint and Motion for Preliminary Injunction in the Second Judicial District, Bernalillo County in the State of New Mexico.  State Court Judge Geraldine Rivera scheduled a hearing on the Motion for Preliminary Injunction for June 13, 2003.  Plaintiff's out-of-state counsel flew to Albuquerque, New Mexico to join local counsel for that hearing.  At the beginning of the hearing on June13, Defendant served a Notice of Removal on Plaintiff's counsel.  Defendant's Notice of Removal asserted that federal jurisdiction existed under 28 U.S.C. §§1332 & 1441.  After being informed of the Notice of Removal, Judge Rivera stated that she had lost jurisdiction over the case and vacated the hearing.

That same day Plaintiff's local counsel wrote to Defendant's counsel to explain that removal based on diversity jurisdiction was improper.  Plaintiff's counsel informed Defendant's counsel that

U.S.C. § 1441(b) did not permit removal to federal court, because removal under 28 U.S.C. §1441(b) is appropriate "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."   Because the action was brought in a New Mexico state court against a New Mexican Defendant, removal based on diversity jurisdiction was improper. Plaintiff's counsel requested that Defendant's counsel withdraw his Notice of Removal, but Defendant's counsel did not.  On June 16, 2003 this Court ruled that removal to federal court was inappropriate for the reasons stated by Plaintiff.

Plaintiff quickly moved to have Judge Rivera reschedule a hearing on its Motion for Preliminary Injunction on June 17, 2003 at 2:30 p.m.  On June 17, 2003 Defendant filed an Amended Notice of Removal claiming that federal question jurisdiction existed.  Within hours, this Court entered an order once again remanding the action to the Second Judicial District, Bernalillo County, State of New Mexico, as a federal question was not posed by Plaintiff's Complaint under the well-pleaded complaint rule.  This Court's timely ruling on the matter made it possible for Judge Rivera to hold her hearing as scheduled, after which she granted Plaintiff's Motion for Preliminary Injunction.

On July 25, 2003 Plaintiff filed a Motion for Sanctions in federal court to address defense counsel's conduct regarding the attempted removals.  Jurisdiction is appropriate in this tribunal as both of this Court's orders remanding the action to state court expressly retained jurisdiction to consider sanctions for Defendant's attempts to removal the case to federal court.

*ANALYSIS*

Plaintiff first argues that sanctions are warranted under Fed. R. Civ. P. 11 (Rule 11). Defendant contends that Rule 11 sanctions cannot be imposed since Defendant's counsel was not afforded the 21-day safe harbor under the rule to withdraw the offending removal notices.

A party filing a Rule 11 motion for sanctions must first serve the motion on the party that filed an offending document.  Fed. R. Civ. P. 11(c)(1)(A).  If, within 21 days after service of the motion, "the challenged paper, claim, defense, contention, allegation, or denial is not withdraw or appropriately corrected," the party may then file its motion with the Court.  Fed. R. Civ. P. 11 (c)(1)(A).  As case law makes clear, the motion must have been served and the 21-day safe harbor must have expired before Rule 11 sanctions can be ordered. *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997).  The safe harbor requirement applies even if a removal notice is filed in subjective bad faith for the purpose of delay.  *Park National Bank of Huston v. Kaminetzky*, 976 F. Supp. 571, 587-88 (S.D. Tex. 1996).  If the Court rules on the offending document before service of the motion and the expiration of the safe harbor, as was the case with both of Defense counsel's removal notices, sanctions cannot lie under Rule 11.  Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendments (observing that the safe-harbor provisions do not allow a party to "delay serving its Rule 11 motion until [the] conclusion of the case (or judicial resolution of the offending contention)."); *Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997) (noting that the safe-harbor provision is "an absolute requirement").  Hence, even though the Court finds that Defense counsel filed the two removal notices to harass Plaintiff and unnecessarily delay the hearing on Plaintiff's Motion for Preliminary Restraining Order, Rule 11 cannot support an award of sanctions.

Plaintiff also contends that an award of attorneys' fees and costs are appropriate under 28 U.S.C. § 1447(c).  Defendant does not contest an award of fees and costs under § 1447(c).  Under the local rules of this Court, Defendant's failure to address Plaintiff's arguments concerning § 1447(c) constitutes Defendant's consent to that portion of Plaintiff's Motion.  D.N.M.LR-Civ. 7.1(b) & 7.5(a).  Unlike Rule 11 sanctions, § 1447 (c) is meant to be remedial rather than a punishment or deterrent, *Park National Bank of Huston*, 976 F. Supp. at 584, and expressly provides for "payment of just costs

3

and any actual expenses, including attorney fees, incurred as a result of the [improper] removal." Nonetheless, the Court is "duty-bound to ensure that an award of attorneys' fees pursuant to § 1447(c) is reasonable." *Huffman v. Saul Holdings Ltd. Partnership*,   262 F.3d 1128, 1134 (10th Cir. 2001).

Having reviewed the documents submitted in support of Plaintiff's Motion, the Court finds it necessary to reduce Plaintiff's attorney fee request to a reasonable amount.  The services of numerous attorneys to oppose Defendant's removals to federal court were both redundant and excessive under the circumstances.  Likewise, the Court finds it was unnecessary for the multiple attorneys retained by Plaintiff to bill individually for the many attorney conferences to brainstorm what were straightforward and simple questions of federal jurisdiction.

In addition, Plaintiff's use of two law firms to oppose Defendant's removals to federal court was unreasonable.  Because Plaintiff's local counsel was well equipped and better positioned to argue against Defendant's removals, it was not necessary for Plaintiff to move to admit its out-of-state counsel to practice before this Court, or to have out-of-state counsel prepare or participate in presenting argument.  This unnecessarily increased the cost of this phase of the litigation.  Therefore, the Court will disallow in its entirety Plaintiff's attorney fee request submitted by Plaintiff's out-of-state law firm, Rothberger, Johnson & Lyons, LLP.

Finally, one of Plaintiff's New Mexico attorneys billed 12 hours to brief Plaintiff's Motion for Sanctions.  The vast majority of that briefing was dedicated to trying to force Rule 11 to fit the facts of this case.  Although the Court is aware that counsel may have been led to argue Rule 11 by the language employed in the Court's previous orders, a review of the published case law and the Advisory Committee Notes to Rule 11 should have convinced counsel that such an award was unavailable. Hence, the Court will also reduce Plaintiff's attorney fee request for services of its New Mexico

counsel.  Plaintiff will be granted its costs as requested.[1]

Having considered all these factors, the Court concludes that a reasonable fee for opposing Defendant's removals is $6,000 for services provided by Keleher & McLeod, P.A.  The expenditures for copies, faxes, phone, and Westlaw incurred by Keleher & McLeod, P.A in the amount of $100, and the $571.98 spent on airfare and car rental by Plaintiff's out-of-state attorneys were reasonable.  As Defense Counsel has asked that these charges not be imposed on his client, the Court will impose these expenses only on Defense counsel who filed the removal notices.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Sanctions (Doc. No. 10) is GRANTED; and by October 15, 2003 Defense Counsel must pay Plaintiff $6,000 for the legal services rendered by Keleher & McLeod, P.A., and costs and expenses in the amount of $ 671.98 to partially compensate Plaintiff for having do defend the meritless attempts to remove this action to federal court.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1]  Plaintiff will be awarded certain expenses for airfare and a rental car incurred by Plaintiff's out-of-state counsel.  On June 13, 2003 Plaintiff's out-of-state counsel flew to New Mexico to participate in the original hearing on Plaintiff's Motion for Preliminary Injunction.  Had Defendant not improperly removed the case to federal court, these attorneys would not have had to travel to New Mexico a second time for the rescheduled hearing.  Since Plaintiff's out-of-state attorneys "incurred as a result of the removal" the expense of a second trip to New Mexico, those expenses will be awarded under § 1447(c).